**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

UNITED STATES OF AMERICA

vs.                                            Case Nos.: 4:16-cr-13/MW/MAF
                                                          4:20-cv-379/MW/MAF

COBY C. JONES

---

## REPORT AND RECOMMENDATION

This matter is before the court upon the "Motion to Vacate Judgment under 28 U.S.C. § 2255" filed by Coby Jones ("Jones"). (ECF No. 56.)[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Jones relies on *Rehaif v. United States*, 588 U.S. ____, 139 S. Ct. 2191 (2019) in support of his request that his convictions and sentences be vacated. *Rehaif*, however,

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).

is not retroactively applicable on collateral review.    It thus affords Jones no

relief, and his § 2255 motion should be dismissed.

## I—Procedural Background

On March 25, 2016, Jones pleaded guilty to a three-count indictment

charging him with possession with intent to distribute controlled substances

in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) ("Count One"), one

count of possession of a firearm in furtherance of a federal drug trafficking

crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) ("Count Two"), and one

count of possession of a firearm by a convicted felon in violation of §§

922(g)(1) and 924(a)(2) ("Count Three").    (ECF Nos. 24-26.)    The

Presentence Investigation Report ("PSR") calculated Jones's advisory

guideline range using the guideline applicable to Count One.    (ECF No.

44, PSR ¶ 20.)    With a total offense level of 19 and a criminal history

category of IV, the applicable advisory guideline range was 46 to 57

months of imprisonment on Counts One and Three, followed by a

mandatory consecutive term of 60 months on Count Two.    (PSR ¶ 63.)

The court imposed a below-guidelines sentence of 36 months on Counts

One and Three, followed by a 60-month consecutive sentence on Count Two.   (ECF Nos. 46, 47.)

Jones's motion to voluntarily dismiss his appeal was granted on November 2, 2016.   (ECF No. 52.)   His § 2255 motion, dated June 17, 2020 was received by the clerk of court on July 27, 2020.   Only Jones's sentence on Count Three is at issue in the instant motion.

## II—Analysis

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section.   The one-year time period typically runs from the date the judgment of conviction became final.   Pursuant to § 2255(f)(3) a motion is timely if it is filed within one year of the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

Jones bases his request for relief on the Supreme Court's June 21, 2019, decision in *Rehaif.*   A timely filed petition relying on *Rehaif* must have been delivered to prison authorities for mailing on or before June 21, 2020.   Jones's motion, as noted above, was dated June 17, 2020,

although the clerk of the court did not receive it until July 27, 2020.

Regardless of whether his motion is timely, Jones is not entitled to relief.

The Supreme Court held in *Rehaif* that the federal statute proscribing

possession of a firearm by certain categories of persons requires a

showing not only that the individual knew he possessed a firearm, but also

that he knew of his status as a proscribed person when he possessed the

firearm.    *Rehaif,* 139 S. Ct. 2191.    *Rehaif* did not announce a new rule of

constitutional law, but rather clarified the requirements for prosecution

pursuant to 18 U.S.C. 922(g).    *See In re Palacios*, 931 F. 3d 1314, 1315

(11th Cir. 2019) (denying request for leave to file second or successive

motion based on *Rehaif*); *In re Price*, ___ F. 3d ___, No. 20-12133-C, 2020

WL 3790532, at *4 (11th Cir., July 7, 2020) (holding that "*Rehaif* did not

announce a new rule of constitutional law"); *In re Wright*, 942 F.3d 1063,

1065 (11th Cir. 2019) (holding that "*Rehaif v United States* did not

announce a new rule of constitutional law but rather clarified the

requirements of 18 U.S.C. §§ 922(g) and 924(a)(2)).

The *Palacios* court also noted that, even if *Rehaif* had announced a

new rule of constitutional law, the new rule was not made retroactive to

cases on collateral review.   *Palacios*, 931 F. 3d at 1315; *see also In re Price*, 2020 WL 3790532, at *4 (same); *In re Wright*, 942 F. 3d at 1065 (same).   The Eleventh Circuit has not expressly determined whether *Rehaif* applies retroactively to litigants pursuing § 2255 relief for the first time.   *See North v. United States*, No. 1:16-CR-00309-SDG, 2020 WL 2873626 (N.D. Ga. May 14, 2020).   Assuming that it would so apply, Jones still is not entitled to relief.

Although Jones purports to identify three grounds for relief, each "Ground" is merely a citation to or paraphrase from either the syllabus (Ground One) or the second paragraph (Grounds Two and Three) of the *Rehaif* opinion.   The court will discuss various potential bases for *Rehaif* relief.

First, to the extent the court can interpret Jones's motion as raising a jurisdictional challenge, his claim is foreclosed.   The Eleventh Circuit has rejected the argument that a pre-*Rehaif* indictment that fails to allege a defendant knew of his status as a prohibited person deprives the court of subject matter jurisdiction.   *United States v. Moore*, 954 F. 3d 1322, 1333 (11th Cir. 2020).

Second, any claim of error is procedurally barred.   Defendants generally are barred from presenting a claim in a § 2255 motion that could have been raised in a challenge to their criminal convictions or sentences on direct appeal.   *Lynn v. United States*, 365 F. 3d 1225, 1234 (11th Cir. 2004).   Jones could overcome this procedural bar by demonstrating cause for not raising the ground on direct appeal and actual prejudice resulting from this error, or, alternatively, that he is actually innocent.   *Id.* at 1234; *Bousley v. United States*, 523 U.S. 614, 622 (1998).   Here, not only did Jones abandon his appeal, but he cannot show prejudice.

In reviewing *Rehaif* claims on direct appeal, the Eleventh Circuit considers the totality of the circumstances to determine whether the defendant's substantial rights or the fairness of the judicial proceedings were affected.   *See United States v. McLellan*, 958 F. 3d 1110, 1119 (11th Cir. 2020) (noting that it was "inconceivable" that defendant did not know he was a felon when he possessed the firearm); *United States v. Reed*, 941 F. 3d. 1018 1022 (11th Cir. 2019) (where the record clearly demonstrates that it would be implausible for the defendant to not have been aware of his felony status, a *Rehaif* error does not affect his

substantial rights).   Most appellate courts to have considered the issue

have rejected claims of structural error arising from *Rehaif* error.   *See*

*United States v. Haynes*, 798 F App'x 560, 565 (11th Cir. 2020) (rejecting

claim of structural error); *United States v. Coleman*, 961 F. 3d 1024, 1029-

1030 (8th Cir. 2020) (holding on direct appeal that a constitutionally invalid

plea based on *Rehaif* is not structural error); *United States v. Lavalais*, 960

F. 3d 180, 184 (5th Cir. 2020) (holding that defendants claiming *Rehaif*

error must show that alleged error actually prejudiced the outcome).

Jones's PSR reflects that he had two separate felony convictions for

fleeing and eluding an officer and battery on a law enforcement

officer/resisting an officer with violence for which he was sentenced to 27

months in state prison.   (PSR ¶¶ 39, 40.)   With these felony convictions

and the lengthy prison term, Jones could not credibly argue that he did not

know he was a convicted felon.

Furthermore, in the Statement of Facts in support of the plea

agreement Jones admitted he had previously been convicted of at least

one felony in the State of Florida.   (ECF No. 25 at 4.)   Indeed, Jones

does not maintain he did not know he was a convicted felon.   Rather, he

states only that under *Rehaif* the Government must prove that he

possessed a firearm and that he knew he had the relevant status when he

possessed it.   (ECF No. 56 at 7.)   This is a correct statement of the law,

as clarified by *Rehaif*.   *See In re Palacios*, 931 F. 3d at 1315.   However,

Jones has not established that his substantial rights were affected, and he

cannot show a reasonable probability that but for any alleged *Rehaif* error,

the outcome in his case would have been different.

Finally, Jones cannot show that his sentence is any different than it

would have been absent any alleged error.   He received 36-month

consecutive sentences on Counts One and Three, followed by a 60-month

sentence on Count Two for a total of 96 months of imprisonment.   Even if

his sentence on Count Three were vacated, his sentence would remain the

same.   Jones's § 2255 motion, therefore, should be denied.

### III—Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings

provides that "[t]he district court must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant," and if a

certificate is issued "the court must state the specific issue or issues that

satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2255 Cases. Jones has not shown that he was denied a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, a certificate of appealability is not warranted.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## <u>VI—Recommendation</u>

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Jones's Motion to Vacate Judgement Under 28 U.S.C. § 2255 (ECF No. 56) be **DENIED**.

2. A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this <u>3rd</u> day of August, 2020.


s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.